IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LITTON MORRIS,
   Plaintiff,

vs.            Case No.: 3:11cv1/MCR/EMT

SUSAN STOKES CASTOR,
   Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

   Plaintiff, a non-prisoner proceeding pro se, initiated this action by filing a "Notice of
Appeal/Petition for Writ of Mandamus/Petition for Writ of Certiorari" (Doc. 1).  Presently before
the court is Plaintiff's motion to proceed in forma pauperis (Doc. 5) and his amended complaint
(Doc. 4).  For the limited purpose of dismissal of this action, leave to proceed in forma pauperis will
be granted.

   In Plaintiff's amended complaint, he names Susan Stokes Castor and Judge T. Michael Jones
as Defendants (Doc. 4 at 1–2).[1]  Plaintiff alleges that on April 16, 2009, Defendant Castor caused
him to be wrongfully arrested for domestic violence (*id.* at 3).  He states Ms. Castor also initiated
a civil proceeding, Escambia County Circuit Court Case No. 2009 DR 001151, to obtain a domestic
violence injunction against him based upon the same allegations underlying his arrest (*id.* at 3–4).
Plaintiff states that on December 23, 2009, he was acquitted of the criminal domestic violence
charge (*id.*).  He contends this equates to his being "not guilty" of the allegations underlying the civil
proceeding; however, Judge Jones refused to dismiss the civil injunction (*id.*).  Plaintiff alleges he
has had "dealings" with Judge Jones in the past, including the filing of two complaints against Judge

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic
docketing system rather than those the parties may have assigned.

Jones with the Florida Commission on Ethics and the Florida Judicial Qualifications Commission (*id.*). Based upon these prior "dealings," Plaintiff filed a motion to recuse Judge Jones from the civil domestic violence case, which Judge Jones denied (*id.*). Plaintiff contends the motion to recuse should have been granted, and the domestic violence injunction should have been dismissed (*id.* at 4–5). He states he sought review in the Florida First District Court of Appeal and the Florida Supreme Court but was unsuccessful (*see* Doc. 1 at 1). He states "unconstitutionalities" and "improprieties" occurred in the state court proceedings (*id.*). Plaintiff additionally states he has filed a second motion to dismiss the injunction in the state circuit court, which remains pending (*see id.* at 2, Attachment Three). As relief, Plaintiff seeks reversal or dismissal of the domestic violence injunction and removal of Judge Jones from the case (*id.*).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); <u>Marrero v. City of Hialeah</u>, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also* <u>Long v. Satz</u>, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); <u>Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp., supra (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

To the extent Plaintiff asks this court to review the substance of the final judgment of injunction for protection against domestic violence or Judge Jones's order denying Plaintiff's motion for recusal, he is not entitled to relief. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486). The Eleventh Circuit has identified the following four criteria that must be met for the Rooker-Feldman doctrine to bar a district court's jurisdiction:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the

state court proceedings; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (internal citations omitted). The Eleventh Circuit has defined "inextricably intertwined" as meaning that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted). However, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)). "[A] party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim." Blue Cross and Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989).

Proper application of the Rooker-Feldman doctrine was very recently clarified by the United States Supreme Court. The Court stated:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S. Ct. 1517, 1521–22, 161 L. Ed. 2d 454 (2005) (holding that the doctrine did not apply because the federal suit was filed before the state court judgments were rendered).

In the instant case, the complaint falls squarely within Exxon's definition of the kind of cases to which the Rooker-Feldman doctrine applies. Plaintiff is a state court loser complaining of injuries caused by the final judgment for protection against domestic violence and is inviting this court to review and reject that judgment. The attached docket sheet for the Escambia County Clerk of Court, Case No. 2009 DR 001151, shows that a final judgment of injunction for protection against domestic violence was rendered on April 29, 2009 (*see* attached Docket, Escambia County Florida Clerk of the Circuit Court, Castor v. Morris, Case No. 2009 DR 001151). Plaintiff states he has sought relief from the final judgment in the Florida First District Court of Appeal and the Florida Supreme Court

but was unsuccessful (*see* Doc. 1 at 1, Attachment Four). *See* Morris v. Castor, et al., No. 1D10-4212, 48 So. 3d 57 (Fla. 1st DCA Oct. 29, 2010); Morris v. Castor, No. SC10-2301, 50 So. 3d 603 (Fla. Dec. 3, 2010). Plaintiff commenced the instant federal action on January 3, 2011, after the state court proceeding was concluded. He apparently believes that federal court is his next avenue for appellate review. Plaintiff's claims concerning the constitutionality of the domestic violence proceeding could have and should have been raised in the state circuit court proceeding, and Plaintiff does not allege any reason for his failure to raise his claims therein or, if he did raise them, his failure to raise them on appeal to a higher court. Moreover, Plaintiff's claim is "inextricably intertwined" with the state court's judgment because Plaintiff, by challenging the sufficiency of the evidence to support the domestic violence injunction and Judge Jones's impartiality during the proceedings, is essentially attempting to reverse the state court's order granting the injunction and denying the motion for recusal. Indeed, Plaintiff's claims in the instant case would succeed only to the extent that the state court wrongly decided the issues before it. Therefore, to the extent Plaintiff seeks review the substance of the final judgment of injunction for protection against domestic violence or Judge Jones's order denying Plaintiff's motion for recusal, his claims are barred by the Rooker-Feldman doctrine. *See* Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865, 872–74 (11th Cir. 2006).

To the extent Plaintiff seeks this court' intervention in the pending state court proceeding on his second motion to dismiss the final judgment of injunction for protection against domestic (*see* Doc. 1, Attachment Three), his claim must be dismissed on Younger abstention grounds. In Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Court "reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" O'Shea v. Littleton, 414 U.S. 488, 499, 94 S. Ct. 669, 677–78, 38 L. Ed. 2d 674 (1974) (quoting Younger, 401 U.S. at 43–44). The Younger abstention doctrine derives from "the vital consideration of comity between the state and national governments," Luckey v. Miller, 976 F.2d 673, 676 (11th Cir. 1992) ("Luckey V"), which Younger itself described as a "sensitivity to the legitimate interests of both State and National Governments." Younger, 401 U.S. at 44.

Since <u>Younger</u>, the Supreme Court and the Eleventh Circuit have applied and expanded upon that abstention doctrine. In <u>O'Shea v. Littleton</u>, 414 U.S. 488, 499, the Supreme Court, in an alternative holding, held that the district court had properly declined to provide equitable relief to plaintiffs who sought an injunction against various state officials, including state judges. The plaintiffs had alleged that the state judges had unconstitutionally: (1) set bond in criminal cases without regard to the facts of a case; (2) set sentences higher and imposed harsher conditions on black persons than white persons; and (3) required black persons, when charged with violations of city ordinances that carry fines and possible jail sentences if the fines cannot be paid, to pay for a trial by jury. <i>Id.</i> at 492. The plaintiffs requested that the federal district court enjoin those practices, and the district court declined to do so.

In holding that the district court had properly declined to enjoin those practices, the Supreme Court stated that "'the principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding.'" <i>Id.</i> at 499 (quoting <u>Mitchum v. Foster</u>, 407 U.S. 225, 243, 92 S. Ct. 2151, 2162, 32 L. Ed. 2d 705 (1972)); <i>see also</i> <u>Growe v. Emison</u>, 507 U.S. 25, 32, 113 S. Ct. 1075, 1080, 122 L. Ed. 2d 388 (1993) (stating that "principles of federalism and comity" must underlie the discretion of courts of equity). The Supreme Court emphasized that:

> An injunction of the type contemplated by respondents . . . would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim ab initio, just as would the request for injunctive relief from an ongoing state prosecution against the federal plaintiff which was found to be unwarranted in <u>Younger</u>.

<u>O'Shea</u>, 414 U.S. at 501. The Court held that "the 'periodic reporting' system [that] . . . might be warranted would constitute a form of monitoring of the operation of state court functions that is antipathetic to established principles of comity." <i>Id.</i> at 501 (footnote omitted).

Relying on both <u>Younger</u> and <u>O'Shea</u>, the Eleventh Circuit held in <u>Pompey v. Broward County</u>, that abstention was proper in a § 1983 action challenging the constitutionality of contempt hearings in child support enforcement proceedings on Sixth and Fourteenth Amendment grounds. 95 F.3d 1543, 1545 (11th Cir. 1996). The plaintiffs were five fathers who already had been, and who alleged that they were also likely in the future to be, ordered incarcerated by the Broward County Circuit Court for failure to pay child support. <i>Id.</i> at 1544. They brought a § 1983 suit against the Broward County Support Enforcement Division, Broward County, its administrator, the

director of the Support Division, and the family division judges of the Broward County Circuit Court.  *Id.*  The plaintiffs claimed that the defendants' practices during "Daddy Roundups" were unconstitutional because:  (1) the court failed to inform them of their right to court-appointed counsel, and to appoint such counsel for indigent fathers, and (2) the court failed to provide them with due process at their civil contempt hearings by relying on faulty and insufficient evidence with regard to the amount in arrears, spending insufficient amounts of time on each case, and failing to keep records of each hearing.  *Id.* at 1544–55.  The plaintiffs sought various forms of injunctive relief and damages.  *Id.*  After noting several problems that would arise "if the federal district court were to arrogate to itself the role of overseer of Broward County's child support enforcement proceedings," *id.* at 1549–50 (internal quotation omitted), the Eleventh Circuit affirmed the denial of the plaintiffs' claims for equitable relief against the defendant judges on abstention grounds, and held that the plaintiffs' claims for equitable relief against the Support Division were also due to be dismissed on Younger abstention grounds.  *Id.* at 1551–52 and n.14.

In the instant case, Plaintiff concedes that his second motion to dismiss is pending in the state circuit court (*see* Doc. 1 at 2), and the attached docket sheet reflects that.  Based upon the reasoning of Pompey, the undersigned concludes that to the extent Plaintiff asks this court to intervene in that proceeding and dismiss the domestic violence injunction, his claim should be dismissed under the Younger doctrine.  *See, e.g.,* Adams v. Florida, 185 Fed. Appx. 816, 817 (11th Cir. 2006) (unpublished) (affirming the dismissal of a 42 U.S.C. § 1983 complaint seeking to enjoin a civil contempt finding in child support enforcement case under the Younger doctrine).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 5) is **GRANTED** for the limited purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

1.     That this action be **DISMISSED** with prejudice on Rooker-Feldman and Younger abstention grounds.

2.     That all pending motions be **DENIED** as moot.

3.     That final judgment be entered accordingly and the clerk be directed to close the file.

**DONE AND ORDERED** this 24th day of February 2011.


                                        /s/ Elizabeth M. Timothy
                                        **ELIZABETH M. TIMOTHY**
                                        **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

## Escambia County Florida Clerk of the Circuit Court
## Courtviewer Records Search

### CASE

| | | | |
|---|---|---|---|
| Case Number | **2009 DR 001151** | Case Judge | **M** / JONES, MICHAEL |
| Case Type | DOMESTIC RELATIONS | File Date | 04/17/2009 |
| Case Action Code | | Case Status | Re-Opened Other |

### PARTIES

| Rcd | Party Type | Name | Race | Gender | D.O.B. / D.O.D. |
|---|---|---|---|---|---|
| 1 | **Respondent** | **MORRIS,** CHARLES LITTON    XRef-ID: 37986605 | | | |
| | | *Address: 1878 E 9 MILES RD APT 1510 PENSACOLA FL 32514 (Home Address on 04/17/2009)* | | | |
| | | *Address: 209 MARIETTA AVE PENSACOLA FL 32507 (Home Address on 12/03/2010)* | | | |
| 2 | **Petitioner** | **CASTOR,** SUSAN STOKES    XRef-ID: 72173864 | | | |
| | | *Address: 1878 E 9 MILE RD APT. 1510 PENSACOLA FL 32514 (Home Address on 04/17/2009)* | | | |

### CHARGES

None

### DISPOSITIONS

| Rcd | Status | Status Date | Disposition Code | Disp Date | Judge |
|---|---|---|---|---|---|
| 1 | CLOSED | 04/17/2009 | Disposed by Judge **CIVIL** | 04/29/2009 | M / JONES , MICHAEL |
| 2 | Re-Opened Other | 01/22/2010 | CLOSED REOPEN | 07/23/2010 | M / JONES , MICHAEL |
| 3 | Re-Opened Other | 01/14/2010 | Undisposed | | M / JONES , MICHAEL |
| 4 | Re-Opened Other | 08/16/2010 | CLOSED REOPEN | 11/02/2010 | M / JONES , MICHAEL |
| 5 | Re-Opened Other | 12/06/2010 | Undisposed | | M / JONES , MICHAEL |
| 6 | Re-Opened Other | 01/19/2011 | Undisposed | | M / JONES , MICHAEL |

### DOCKETS

| Rcd | Date | Description | Document Tag # |
|---|---|---|---|
| 1 | 04/17/2009 | PETITION FILED | 1 |
| 2 | 04/17/2009 | NOTICE OF RELATED CASES | 2 |
| 3 | 04/17/2009 | NOTICE OF SOCIAL SECURITY NUMBER - PETITIONER | 3 |

| 4 | 04/17/2009 | FINANCIAL AFFIDAVIT OF PETITIONER | 4 |
|---|---|---|---|
| 5 | 04/17/2009 | UNIFORM CHILD CUSTODY JURISDICTION ENFORCEMENT ACT | 5 |
| 6 | 04/17/2009 | COURT EVENT SET - CIVIL<br>Event: DOMESTIC VIOLENCE HEARING<br>Date: 04/29/2009 Time: 8:00 am<br>Judge: SKIEVASKI, KIM A Location: M.C. BLANCHARD JUDICIAL BUILDING | |
| 7 | 04/17/2009 | TEMPORARY RESTRAINING ORDER | 6 |
| 8 | 04/21/2009 | RETURN RESTRAINING ORDER EXECUTED UPON CHARLES MORRIS<br>04/20/09 AT 2:50 PM | 7 |
| 9 | 04/29/2009 | NOTICE OF APPEARANCE BY BRIDGETT JOHNSON FOR PETITIONER | 8 |
| 10 | 04/29/2009 | PETITIONER COMPOSITE EXHIBIT #1 | 9 |
| 11 | 04/29/2009 | FINAL JUDGMENT OF INJUNCTION FOR PROTECTION | 10 |
| 12 | 04/30/2009 | CIVIL COUNT/PARTY DISPOSED BY JUDGE | |
| 13 | 04/30/2009 | REQUEST FOR COPIES - NORTHWEST FLORIDA LEGAL SERVICE | 11 |
| 14 | 01/14/2010 | MOTION TO DISMISS INJUNCTION | 12 |
| 15 | 01/20/2010 | ORDER VACATING WARRANT AFFIDAVIT | 13 |
| 16 | 01/22/2010 | POSTAL CHARGES Receipt: 1106984 Date: 01/22/2010 | |
| 17 | 01/22/2010 | AFFIDAVIT AND APPLICATION OF CERTIFICATE OF COUNSEL OF<br>RECORD - CHARLES MORRIS | 14 |
| 18 | 01/22/2010 | MOTION FOR RECUSAL - CHARLES MORRIS | 15 |
| 19 | 03/11/2010 | LETTER TO RESPONDENT CONCERNING TRANSCRIPT | 16 |
| 20 | 04/20/2010 | NOTICE TO CLERK OF THE COURT - CHARLES MORRIS | 17 |
| 21 | 04/20/2010 | NOTICE OF INQUIRY - CHARLES MORRIS | 18 |
| 22 | 05/26/2010 | NOTICE TO THE CLERK OF COURT | 19 |
| 23 | 07/12/2010 | 3RD NOTICE OF INQUIRY | 20 |
| 24 | 07/23/2010 | ORDER DENYING RESPONDENT'S PRO SE MOTION TO DISQUALIFY | 21 |
| 25 | 08/02/2010 | REQUEST FOR LOWER COURT TO POSTPONE THE SETTING OF A<br>HEARING DATE IN THE RESPONDENT'S/APPELLANT'S MOTION TO<br>DISMISS INJUNCTION | 22 |
| 26 | 08/06/2010 | CORRESPONDENCE OF FROM DISTRICT COURT OF APPEALS | 24 |
| 27 | 08/09/2010 | TRANSCRIPT OF PROCEEDINGS BEFORE JUDGE SKIEVASKI | 23 |
| 28 | 08/09/2010 | ORDER SETTING HEARING | 25 |
| 29 | 08/12/2010 | COURT EVENT SET - CIVIL<br>Event: DOMESTIC VIOLENCE HEARING<br>Date: 08/18/2010 Time: 8:00 am<br>Judge: JONES, MICHAEL Location: M.C. BLANCHARD JUDICIAL BUILDING | |
| 30 | 08/16/2010 | REQUEST FOR AN EXTENSION OF TIME FOR INJUNCTION HEARING TO<br>BE HELD | 26 |
| 31 | 09/03/2010 | RETURNED MAIL - RETURN TO SENDER | 27 |
| 32 | 09/14/2010 | RETURN ORDER SETTING ON REQUEST FOR DISMISSAL OF FINAL<br>JUDGMENT OF INJUNCTION FOR PROTECTION - UNSERVED | 28 |
| 33 | 11/02/2010 | ORDERED DENYING MOTION FOR DISMISSAL | 29 |

| 34 | 11/08/2010 | TRANSCRIPT OF PROCEEDINGS | 30 |
| 35 | 11/22/2010 | RETURNED MAIL - RETURN TO SENDER | 31 |
| 36 | 12/01/2010 | NOTICE OF CHANGE OF ADDRESS FOR RESPONDENT | 32 |
| 37 | 12/06/2010 | 2ND MOTION TO DISMISS INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE UPON NEWLY DEVELOPED EVIDENCE | 33 |
| 38 | 01/19/2011 | SUPPLEMENTAL TO - 2ND MOTION TO DISMISS INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE UPON NEWLY DEVELOPED EVIDENCE | 34 |
| 39 | 02/11/2011 | RESPONDENTS DEMAND FOR JURY TRIAL IN THE PROCEEDINGS OF "REQUEST FOR DISMISSAL OF THE INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE" WHICH WRONGFULLY AND UNJUSTLY STAND BETWEEN THE TWO PARTIES | 35 |

## EVENTS

| Rcd | Date | Start Time | End Time | Event Type | Judge | Result |
|---|---|---|---|---|---|---|
| 1 | 04/29/2009 | 8:00:00 AM | 8:00:00 AM | DOMESTIC VIOLENCE HEARING | JONES , MICHAEL | |
| | M.C. BLANCHARD JUDICIAL BUILDING | | | | | |
| 2 | 08/18/2010 | 8:00:00 AM | 8:00:00 AM | DOMESTIC VIOLENCE HEARING | JONES , MICHAEL | |
| | M.C. BLANCHARD JUDICIAL BUILDING | | | | | |

## FINANCIAL SUMMARY - COSTS AND FINES

| Rcd | Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|---|
| 1 | Service Charge | $.50 | $.50 | $.00 | $.00 |
| | **TOTAL** | **$.50** | **$.50** | **$.00** | **$.00** |

## FINANCIAL SUMMARY - HOLDING

No Information available - See Dockets

## FINANCIAL SUMMARY - DISBURSEMENTS

No Information available - See Dockets

## RECEIPTS

| Rcd | Date | Receipt | Applied Amount |
|---|---|---|---|
| 1 | 01/22/2010 | 1106984 | **$.50** |

## TICKLERS

## CITATIONS

None

## ADDITIONAL CIVIL

None

## CLAIMANTS

None

## ADDITIONAL FIELDS

None

[ **Search Again** ]

## Disclaimer

While the Clerk's Office has attempted to preserve the accuracy of the online versions of the records, this information is not official and the Escambia County Clerk of Court will not be responsible for any inaccuracies that may be encountered.

For security and analytic purposes, information about searches conducted through the Internet index provided will be logged. Information collected from these logs will be used to maintain and improve this service.

By using this service, in any form, the user agrees to indemnify and hold harmless the Escambia County Clerk of Court and anyone involved in storing, retrieving, or displaying this information for any damage of any type that may be caused by retrieving this information over the Internet.